UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JENNIFER BETH JONES,**

          **Plaintiff,**

-vs-                                                            **Case No.  6:12-cv-57-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

          **Defendant.**
_____

## MEMORANDUM OF DECISION

Jennifer Beth Jones (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1. Claimant argues that the final decision of the Commissioner should be reversed and remanded because the Administrative Law Judge (the "ALJ") erred by: 1) stating that the record does not contain any opinions offering limitations greater than those adopted by ALJ's residual functional capacity assessment ("RFC"), but giving "appropriate weight" to the opinion of Dr. Barber, which provided for limitations greater than the ALJ's RFC; 2) failing to account for Claimant's moderate limitations in concentration, persistence or pace in the RFC and hypothetical question to the VE; and 3) failing to demonstrate that the ALJ considered the opinions of the non-examining physicians. Doc. No. 17 at 11-20. For the reasons set forth below, the final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings because the **ALJ failed to state with particularity the weight given, and the reasons therefor, to Dr. Barber's opinion**.

I. **BACKGROUND.**

Claimant was born on June 10, 1972; she has a general education diploma, and past-relevant work experience as a shipyard laborer and shipping/receiving clerk. R. 120-25, 135-52, 164, 174. On August 5, 2009, Claimant filed an application for benefits, alleging an onset date of disability as of November 21, 2005. R. 120-25. Claimant alleges disability due to a broken back, pain, scoliosis, bipolar disorder, and hepatitis C. R. 40, 165.

On April 28, 2010, Dr. Alvan Barber, M.D., conducted a consultative physical examination of Claimant. R. 369-76. Physical examination revealed the following: Claimant walks with a cane; Claimant was able to get on and off the examination table; no clubbing or edema in the upper or lower extremities; 5/5 muscle strength bilaterally in upper and lower extremities; 5/5 grip strength bilaterally; no deep tendon reflexes; range of motion with left shoulder and left lower extremity pain; positive straight leg raises bilaterally, seated and supine with pain; paravertebral muscle spasms; positive point tenderness in the right and left sacroiliac joint; pain with light touch; and intact fine and gross motor skills. R. 372-73. Claimant walked with a right limp and required the use of a cane; she was unable to walk on toes or heels; and Claimant was unable to squat. R. 373. Dr. Barber's impressions were: degenerative cervical spine disorder with pain; bipolar disorder, on medication; hepatitis C, partially treated; and history of vaginal cancer. R. 374.

With respect to Claimant's functional ability, Dr. Barber opined that:

> Claimant cannot walk and stand for long periods of time. Claimant can sit for reasonable periods of time. Claimant cannot kneel, crawl or squat. Claimant can push and pull with upper extremities. Claimant can use upper body movements and coordinated activities with hands. Claimant cannot walk long distances without assistive device.

R. 374. Thus, among other limitations, Dr. Barber opined that Claimant cannot kneel, crawl or squat. R. 374.

On August 23, 2011, after conducting a hearing, the ALJ issued a decision finding Claimant not disabled. R. 10-23. The ALJ determined that Claimant retains the RFC to "perform sedentary work . . . except with no more than occasion[al] climbing, balancing, stooping, kneeling, crouching, and crawling; and only concentrated exposure to vibrations and hazards such as machinery and heights. She is limited to jobs involving simple, routine, repetitive tasks involving up to 3-step commands; and only occasional contact with the general public and co-workers." R. 13-14. Thus, among other limitations, the ALJ's RFC limited the Claimant to only occasional keeling and crawling. R. 13.

> With respect to Dr. Barber's examination, the ALJ states the following:
>
>> In April of 2010, the [C]laimant underwent a consultative examination by Alvan Barber, M.D., at the request of the Social Security Administration. She reported fracturing her back in 2006 and last seeing a doctor in 2007. She was taking pain medications, which she received from her OB/GYN a month [prior] because she had a baby. She stated that she was diagnosed with bipolar disorder in 2007 and received treatment/medication through ACT. She stated that she was diagnosed with hepatitis C in 2002 and received Interferon/Ribavirin in 2003, but had not received any treatment since that time. Examination revealed straight leg raising was 70 degrees bilaterally with reported back pain. There was paravertebral muscle spasms as well as point tenderness in bilateral sacroiliac joint in all directions. She walked with a right limp with a cane. She was unable to walk on toes and heels or squat. Dr. Barber's diagnosis was cervical degenerative spine disease with pain, bipolar disorder, hepatitis C, [and] history of vaginal cancer. . . .
>
> R. 17. With respect to Dr. Barber's opinions, the ALJ states:
>
>> Dr. Barber opined that, based on physical examination, the [C]laimant could not walk and stand for long periods of time;

> could sit for reasonable periods of time; could not kneel, crawl, or squat; could push/pull with upper extremities; could use upper body movements and coordinated activities with hands; and could not walk long distances without assistive device. The [ALJ] has considered the opinion of Dr. Barber and gives it appropriate weight. The undersigned notes that Dr. Barber had the opportunity to examine the [C]laimant and his opinion is supported by objective medical findings.

R. 17. Thus, the ALJ thoroughly reviewed Dr. Barber's findings and ultimate opinions, including that Claimant cannot kneel, crawl, or squat. R. 17. The ALJ gave Dr. Barber's opinion "appropriate weight," because Dr. Barber had the opportunity to examine the Claimant and his opinion is based on objective medical findings. R. 17. Later in the same section of the decision, the ALJ states that "the record does not contain any opinions from treating or examining physicians indicated that the [C]laimant . . . has limitations greater than those determined in this decision." R. 20.

At step-four, based upon the ALJ's RFC, the ALJ determined that Claimant cannot perform her past-relevant work. R. 21. At step-five, based upon the RFC and the testimony of a vocational expert, the ALJ determined that Claimant can perform other work as a surveillance systems monitor, addresser, and ink printer. R. 21-22. Thus, the ALJ determined that Claimant is not disabled. R. 22. On January 17, 2012, after the Appeals Council denied Claimant's request for review, the Claimant appealed the final decision of the Commissioner to the District Court. Doc. No. 1.

## II. <u>ANALYSIS</u>.

As set forth above, Claimant raises numerous issues on appeal. *See* Doc. No. 17 at 9-20. However, the Court finds that the first issue raised by Claimant is dispositive. Claimant maintains that, after accurately discussing Dr. Barber's opinion, the ALJ erred by giving the

opinion "appropriate weight," and then adopting an RFC which conflicts with Dr. Barber's opinion. Doc. No. 17 at 9-10.  Claimant notes that Dr. Barber opined that Claimant cannot kneel, crawl, or squat, but the ALJ's RFC provides that the Claimant can occasionally kneel and crawl, and does not address squatting. Doc. No. 17 at 9-10.  Claimant also points out that although Dr. Barber's opinion imposes limitations greater than those adopted by the ALJ in the RFC; the ALJ incorrectly stated that the record does not contain any opinion that has limitations greater than those adopted by the ALJ.  Doc. No. 17 at 9-10.

The Commissioner characterizes the Claimant's argument to be that the ALJ erred by not including an inability to stoop in the RFC.  Doc. No. 18 at 14.  The Commissioner states that kneeling and stooping are not the same thing and that Dr. Barber's opinion was not entitled to deference because Dr. Barber was only a one-time examining physician.  Doc. No. 18 at 14-15.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability.   The Eleventh Circuit recently clarified the standard the Commissioner is required to utilize when considering medical opinion evidence.  In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. Jan. 24, 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  The Eleventh Circuit stated that "'[i]n the absence of such a

statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).  *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (failure to clearly articulate reasons for giving less weight to the opinion of treating physician constitutes reversible error).

In this case, the ALJ accurately discussed Dr. Barber's findings and opinions, including Dr. Barber's opinion that Claimant is not capable of kneeling, crawling, or squatting, and the ALJ gave the opinions "appropriate weight."  R. 17.  The ALJ's RFC provides that Claimant is capable of occasionally kneeling and crawling, and does address Claimant's ability to squat.  R. 13-14.  Thus, Dr. Barber's opinion clearly contains limitations greater than those ultimately adopted by the ALJ.  However, despite accurately discussing Dr. Barber's opinion, the ALJ incorrectly states that the "record does not contain any opinions from treating or examining physicians indicating that the [C]laimant . . . has limitations greater than those determined in this decision."  R. 20.

As set forth above, an ALJ is required to state with particularity the weight given to opinions such as Dr. Barber's, and the reasons therefor.  *Winschel*, 631 F.3d at 1178-79.  By only stating that Dr. Barber's opinions were given "appropriate weight," the Court is unable to determine whether the ALJ rejected Dr. Barber's opinions with respect to Claimant's inability to kneel, crawl, and squat, or whether the ALJ's limitation to occasional kneeling and crawling in the RFC is a mistake.  If the ALJ rejected Dr. Barber's opinion that Claimant cannot kneel,

crawl, or squat, as the Commissioner suggests, the decision does not articulate a basis for such a rejection. Instead, the ALJ stated that Dr. Barber's opinions were "supported by objective medical findings." R. 17. In sum, the ALJ's handling of Dr. Barber's opinions is an excellent example of why without stating with particularity the weight given to medical opinions and the reasons therefor, the Court is unable to determine whether the final decision is supported by substantial evidence. *See MacGregor,* 786 F.2d at 1053 (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis*, 125 F.3d at 1440 (failure to clearly articulate reasons for giving less weight to the opinion of treating physician constitutes reversible error). Accordingly, by failing to state with particularity the weight given to Dr. Barber's opinion and the reasons therefor, the final decision must be reversed and remanded for further proceedings. *See Winschel*, 631 F.3d at 1178-79.[1]

### III. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of Section 405(g) for further proceedings;

2. The Clerk is directed to enter judgment in favor of Claimant and to close the case.

**DONE and ORDERED** in Orlando, Florida on February 5, 2013.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

---

[1] Because the ALJ's error requires remand, it is unnecessary to address the other issues raised by Claimant.

Richard A. Culbertson, Esq.
3200 Corrine Drive
Orlando, FL 32803


John F. Rudy, III
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida		33602


Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia		30303-8920

The Honorable Aaron M. Morgan
Administrative Law Judge
SSA ODAR Hearing Office
Desoto Bold, Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224